# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RON D. HOLLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:07-CV-206-TS |
| | ) |
| STATE OF INDIANA, and KAREN | ) |
| RICHARDS, in her individual and official | ) |
| capacities as prosecuting attorney for the | ) |
| 38th Judicial Circuit, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

The *pro se* Plaintiff, Ron D. Holle, has sued the entities and individuals he believes should be held liable for the error that occurred when he was sentenced in the Allen Superior Court to consecutive periods of confinement for his conviction on three counts contrary to a plea agreement, which he contends required concurrent sentences. In his original Complaint [DE 1], he identified the State of Indiana and prosecutor Karen Richards as Defendants. These Defendants filed a Motion to Dismiss [DE 11] the Complaint on grounds that the Court does not have jurisdiction over the claims against the State of Indiana or the prosecuting attorney in her official capacity by virtue of the Eleventh Amendment, that the State of Indiana is not a "person" subject to suit under 42 U.S.C. § 1983, and that the prosecuting attorney is absolutely immune from damages for her participation in the negotiation of the plea agreement or the sentencing hearing. In response to the Motion to Dismiss, the Plaintiff sought to amend his Complaint to name Governor Mitch Daniels in place of the State of Indiana, and to request injunctive relief in addition to money damages.

## COMPLAINT ALLEGATIONS

According to the Complaint, the Plaintiff on December 5, 2003, entered a plea of guilty to three separate criminal charges brought against him by the State of Indiana. According to his plea agreement, the executed portion of his sentence was to be no more than four years, and his sentences for all counts were to run concurrently. The Plaintiff alleges that this provision of his agreement was violated when he was sentenced to serve consecutive sentences without the prosecutor bringing the error to the state court's attention. The Plaintiff successfully petitioned the state court for relief, but he believes he served an unnecessary "additional sentence on supervised probation, thus, executing a sentence well beyond the plea agreement contract stipulation(s)." (Compl. 5.)

## STANDARD OF REVIEW

A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) when the court lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998).

When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). The movant may also use affidavits and other material to support its motion if the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The plaintiff has the

obligation to establish jurisdiction by competent proof. *Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir. 1999). The presumption of correctness accorded to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question. *Id.* at 856.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). In order to prevail, the defendant must demonstrate that "the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Under the Federal Rules of Civil Procedure the plaintiff need only "set out in [his] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim" *Scott v. City of Chi.,* 195 F.3d 950, 951 (7th Cir. 1999), and the "grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). Fed. R. Civ. P. 8(a). The complaint must provide more than labels and conclusions, a formulaic recitation of the elements of a cause of action, or facts that do not raise a right to relief above the speculative level. *Bell Atl. Corp.*, 127 S. Ct. at 1964–65. The court may consider all allegations made in the complaint as well as any attachments accompanying the complaint. Fed. R. Civ. P. 10(c).

Also, "a plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 669 (7th Cir. 2008). *See also Vincent v. City*

*Coll. of Chicago*, 485 F.3d 919, 924 (7th Cir. 2007) (stating the same proposition and noting dismissal of such a suit would be done under Rule 12(b)(6)). The Court may consider the exhibits to the Plaintiff's complaint as part of this Rule 12(b)(6) analysis. *Thompson v. Ill. Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002) ("The consideration of a 12(b)(6) motion is restricted solely to the pleadings, which consist generally of the complaint, any exhibits attached thereto, and supporting briefs.") (citing Fed. R. Civ. P. 10(c)).

## DISCUSSION

### A. Subject-Matter Jurisdiction

"Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself." *Craig v. Ontario Corp.*, — F.3d —, Nos. 06-4409, 08-1013, 2008 WL 4149718, at *2 (7th Cir. Sept. 10, 2008); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts are courts of limited jurisdiction and may only adjudicate cases within their authority. *See Appleton Elec. Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 608 (7th Cir. 1980) (noting that it is "fundamental that the federal courts are courts of limited jurisdiction, and that lack of jurisdiction cannot be waived by the parties").

Because the Plaintiff and Defendants are not citizens of different states, there is no diversity of citizenship, so the Court's subject-mater jurisdiction cannot be based on 28 U.S.C. § 1332. Federal question jurisdiction exists only if an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

If this were a cause of action under 42 U.S.C. § 1983, the Court would have jurisdiction pursuant to § 1331. In his Complaint, the Plaintiff does not specifically invoke § 1983. To state a claim under § 1983, a plaintiff must allege two things: that rights secured by the Constitution and laws of the United States were violated, and that the person who committed the deprivation was acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although the Plaintiff alleges that the Defendants acted under color of state law, he does not allege that they deprived him of rights secured by the Constitution or federal statute. The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137 (1979). If there is no violation of a Constitutional or statutory right, then a plaintiff has failed to state a claim under § 1983. *Vose v. Kiment*, 506 F.3d 565, 572 (7th Cir. 2007).

The Plaintiff contends in his Complaint that Defendant Richards's actions were a "breach of contract" and that "her failure to perform promises and duties that were stipulated within the terms of the plea agreement contract" has caused him damages in the amount of $1 million. (Compl. 5.) Plea agreements are considered to be contracts between a defendant and the State. *Lee v. State*, 816 N.E.2d 25, 28 (Ind. 2004). The types of remedies available upon the breach of a plea bargain agreement were discussed by the Supreme Court of the United States in *Santobello v. New York*, 404 U.S. 257 (1971), as follows:

> The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty.

*Id.* at 263 (remanding criminal case to state court for further consideration) (footnote omitted).

Because the Plaintiff is alleging breach of contract, which does not claim a violation of a Constitutional right, his breach of contract claim and the face of his Complaint fail to provide a basis for the Court's federal question jurisdiction under § 1331. This warrants dismissal of his Complaint.

**B.     Possible Constitutional Claim**

In this case, construing the Plaintiff's Complaint liberally—as the Court is bound to do for *pro se* litigants—the Plaintiff could be attempting to allege a due process claim. "A prosecutor offends due process when he breaches a plea agreement." *United States v. Jordan*, 870 F.2d 1310, 1316 (7th Cir. 1989). However, when a plaintiff makes such a claim against a state official, it must be via a 28 U.S.C. § 2254 petition:

> An action in federal court challenging the terms of a conviction or sentence rendered in a state court must be brought as an action for a writ of habeas corpus, under 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973). Thus, claims against state officials for breach of plea agreements, implicating, as such claims do, the terms of one's conviction or sentence, must be raised pursuant to a habeas petition. *See, e.g.*, *Mabry v. Johnson*, 467 U.S. 504 (1984).

*Buhrman v. Wilkinson*, 257 F. Supp. 2d 1110, 1119 (S.D. Ohio 2003) (parallel citations omitted) (dismissing prisoner's § 1983 claim based on an alleged breach of plea agreement by prosecutors and law enforcement officials). Because the Plaintiff cannot bring what should be pursued as a § 2254 petition as a civil rights suit, the Complaint should be dismissed.

**C.     Immunities and Defenses Against a § 1983 Suit**

There are other reasons why this § 1983 suit alleging a due process violation should be

dismissed, as the Defendants point out. First, the Defendants argue that Indiana's Eleventh Amendment immunity is a basis to dismiss the Plaintiff's claim. "The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment." *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). "[S]tate officials in their official capacities are . . . immune from suit under the Eleventh Amendment." *Id.* Prosecuting attorneys in Indiana acting in their official capacities, as alleged here as to Defendant Richards, are state officials and hence entitled to Eleventh Amendment protection. *Bibbs v. Newman*, 997 F. Supp. 1174, 1178 (S.D. Ind. 1998); *Study v. United States*, 782 F. Supp. 1293, 1297–98 (S.D. Ind. 1991).

The Defendants also argue, correctly, that this lawsuit cannot be maintained against Defendant State of Indiana because a State is not a "person" who can be sued under § 1983. *Will v Mich. Dept. of State Police*, 491 U.S. 50, 71 (1989); *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994). The Plaintiff in his Response [DE 13] asked to amend his Complaint to substitute Indiana Governor Mitch Daniels in place of the State of Indiana. Liberally construing this request in the Response as a motion to amend the complaint, the Court denies it because the Plaintiff does not allege that Governor Daniels in his individual capacity is "personally responsible for the deprivation of a constitutional right," *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), which is required for a § 1983 action, *id.* If Governor Daniels were sued in his official capacity, he has the same immunity as the State of Indiana. *See Hearne v. Bd. of Educ.*, 185 F.3d 770, 776 (7th Cir. 1999) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. at 71). Hence, amending the Complaint to add Governor Daniels as a defendant would be futile.

7

*Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002).

The claim against Defendant Karen Richards also cannot stand. Prosecutors, such as Defendant Richards, engaging in "conduct that is intimately associated with the judicial phase of the criminal process," *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003), are entitled to absolute immunity. Failing to abide by a plea agreement (as alleged) falls within the types of activities courts consider intimately associated with the judicial process. *See Hansborough*, 400 F. Supp. 2d at 1102.

The Court also addresses an issue raised in the Plaintiff's Response. The Plaintiff states that he "seeks injunctive relief as well as monetary damages." (Pl. Resp. 2.) Specifically, he wants to "have his conviction reduce[d] to a class A misdemeanor." (*Id.*) The Defendants correctly note that the Complaint did not seek injunctive relief, so the Court construes this as a motion to amend his complaint to add injunctive relief.

Generally, a plaintiff can seek injunctive relief against a State or its officers in a § 1983 suit. But in this case, the injunctive relief the Plaintiff is seeking is essentially an expungement of or change to his criminal record. (It is important to note that he is not seeking relief from custody; he is no longer on probation for the underlying state offense). But to seek this relief is to attack his underlying conviction. This cannot be done in the vehicle of a § 1983 suit. "*Heck* bars a plaintiff from maintaining a 1983 action in situations where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *McCann v. Neilsen*, 4656 F.3d 619, 621 (7th Cir. 2006) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). If the Plaintiff won this case and obtained the relief he seeks— an order noting that he served an unjustified extra six months probation and/or reducing his conviction to a Class A

misdemeanor—it would invalidate the sentence he received in the state proceeding, including the sentence that was modified at his post-conviction relief hearing in state court in 2005. Thus, allowing the Plaintiff to amend his complaint to seek injunctive relief would be futile.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss [DE 11] is GRANTED.

So ORDERED on November 17, 2008.

                                              s/ Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT